# In the United States Court of Federal Claims

(Pro Se)

|  |  |
|---|---|
| DANIEL THOMASON SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20-1748C |
| v. ) | (Filed: February 5, 2021) |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

*Daniel Thomason Smith*, Pro Se.

*Borislav Kushnir*, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, with whom were *Claudia Burke*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Brian M. Boynton*, Acting Assistant Attorney General.

**OPINION AND ORDER**

**Kaplan, Judge.**

      The Plaintiff in this action, proceeding pro se, is Daniel Thomason Smith. Mr. Smith, an inmate at the Federal Correctional Institute in Beaumont, Texas, filed suit in this Court on November 25, 2020, naming as defendants the United States, as well as the U.S. Marshals Service, former Attorney General William Barr, and the GEO Group, Inc., a private company. He has also filed an Application to Proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, as well as a motion requesting that this Court appoint counsel to represent him.

      Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."[1] Mr. Smith has submitted such a statement. Docket No. 8. In addition, under 28 U.S.C. § 1915(a)(2) "A prisoner seeking to bring a civil action . . . in addition to filing [an IFP application], shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." See also Skinner v. Switzer, 562 U.S. 521,

---

[1] For purposes of 28 U.S.C. § 1915, the Court of Federal Claims is a court of the United States. 28 U.S.C. § 2503(d).

535 (2011) (explaining that 28 U.S.C. § 1915(b)(1) requires any prisoner proceeding IFP to pay the full filing fee, i.e., $350, out of the prisoner's prison trust account). Mr. Smith's trust fund statement indicates that he has, on average, less than $100 in his account. Docket No. 8 at 4. Accordingly, his application to proceed in forma pauperis is **GRANTED**. Docket No. 8.

Mr. Smith's motion requesting that this Court appoint him counsel, however, is **DENIED**. Docket No. 1. While the Court has the authority to appoint counsel under 28 U.S.C. § 1915(e), "that power should only be exercised in extreme circumstances," such as where "quasi-criminal penalties or severe civil remedies are at stake." Washington v. United States, 93 Fed. Cl. 706, 708 (2010) (citations omitted). This is not such a case.

Although not entirely clear, it appears that Mr. Smith's suit here is related to a pending suit that he filed several years ago in the United States District Court for the Eastern District of Texas under the Federal Tort Claims Act ("FTCA"). Smith v. United States, et al., No. 18-619 (E.D. Tex.). The government filed a motion to dismiss that case on November 9, 2020 and Mr. Smith filed his opposition to that motion on November 23, 2020, two days before he filed his lawsuit here.

In this action, Mr. Smith complains that the lawsuit in the district court "has 'sat in the U.S. District Court for TWO years" before what he calls "the visible enclosed audacious Denial by the U.S. District Judge without proper cause." Complaint, ECF No. 1, at 1. The Court assumes that the "denial" about which Mr. Smith complains is the July 30, 2020 decision of the district court dismissing all defendants other than the United States. Smith v. United States, et al., No. 18-619 (E.D. Tex. July 30, 2020) (Memorandum Order Overruling Objections and Adopting the Magistrate Judge's Report and Recommendation).

In addition, in a January 8, 2021 pleading entitled "Equitable Relief (Amendment)," Docket No. 9, to which Mr. Smith has attached a form that is used to file administrative claims under the FTCA, Mr. Smith again makes reference to his pending lawsuit, and seeks damages in the amount of $75 million, which he characterizes as "ha[ving] to do with the U.S. Mail Destruction & Fraud AND MY SEXUAL AND PHYSICAL ASSAULTS." Docket No. 9, at page 3.

The Court must have jurisdiction in every case before it can evaluate its merits, Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998), and the Court may raise the issue of jurisdiction on its own at any time during the pendency of the case, Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004); see also Rule 12(h)(3) of the Rules of the Court of Federal Claims (stating that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). While it is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met, Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

The Tucker Act provides that the Court of Federal Claims "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not

sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is solely a jurisdictional statute which "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Thus, a plaintiff must identify "a separate source of substantive law that creates the right to money damages" in order to establish the court's jurisdiction. Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).

Mr. Smith has not identified a money-mandating statute or constitutional provision which would grant the Court jurisdiction over any of his claims. To the contrary, he appears to be asserting a claim under the FTCA, and it is well established that such claims lie within the exclusive jurisdiction of the district courts and not in the Court of Federal Claims. Montano Elec. Contractor v. United States, 610 F. App'x 987, 990 (Fed. Cir. 2015) (citing 28 U.S.C. § 1346(b)(1)).

Further, 28 U.S.C. § 1500 provides that the Court of Federal Claims "shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States." "[T]wo suits are for or in respect to the same claim when they are based on substantially the same operative facts," which appears to be the case here. United States v. Tohono O'Odham Nation, 563 U.S. 307, 315 (2011). And to the extent that Mr. Smith is requesting that this Court review the actions of the district court in Texas in his pending case, this Court lacks the authority to do so. Therefore, Mr. Smith has failed to establish that this Court possesses jurisdiction to afford him relief related to the claims in his complaint.

## CONCLUSION

On the basis of the foregoing, the complaint is **DISMISSED** without prejudice for lack of jurisdiction. The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

*Elaine D. Kaplan*
ELAINE D. KAPLAN
Judge